**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-4445**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEWIS ALEXANDER HINES, a/k/a Lewis L.O. Hines, a/k/a Lorenzo Hines,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:17-cr-00075-BO-1)

———————

Argued: September 20, 2019             Decided: December 18, 2019

———————

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Lewis Alexander Hines pleaded guilty to possession with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base. 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). Although the Sentencing Guidelines recommended a 60-month term of imprisonment, the district court upwardly departed and sentenced Defendant to 120 months. On appeal, Defendant argues that the district court committed a procedural error by sentencing him to double the Guidelines term of imprisonment without addressing his nonfrivolous arguments in support of a Guidelines sentence. Compelled by our holding in *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017), we must vacate Defendant's sentence and remand for resentencing.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). We consider both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. District courts commit procedural error where, for example, they improperly calculate the defendant's Guidelines range, fail to give the parties an opportunity to argue for an appropriate sentence, do not consider the 18 U.S.C. § 3553(a) sentencing factors, select a sentence based on facts that were clearly erroneous, or do not sufficiently explain the selected sentence. *Id.* at 49–51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *see United States v. Carter*, 564 F.3d 325, 330 n.4 (4th Cir. 2009) ("Having found the

2

sentence procedurally unreasonable . . . , we cannot review the sentence for substantive reasonableness.").

"Under the law of this circuit a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review." *Blue*, 877 F.3d at 518. Rather, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). As the Supreme Court has recently noted, "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (quoting *Rita*, 551 U.S. at 356).

Here, it is important that the district court upwardly varied and imposed a sentence (120 months) twice the top of the Guidelines range (60 months). It is "uncontroversial that a major departure" from the Guidelines "should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50; *see United States v. Gibbs*, 897 F.3d 199, 206 (4th Cir. 2018) (affirming a Guidelines-recommended sentence for revocation of supervised release but noting that "[i]f the court had determined to depart from the Guidelines, perhaps a more fulsome explanation might have been required"); *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Additionally, while "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, an appellate court nonetheless 'may

3

not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence.'" *Ross*, 912 F.3d at 745 (citations omitted) (quoting *Carter*, 564 F.3d at 329–30). A "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356; *see Lynn*, 592 F.3d at 576 (recognizing that "an individualized explanation must accompany *every* sentence"). In cases where "'the district court could have made precisely the same statements in support of a different sentence,' we have found the explanation to be inadequate and have remanded for resentencing." *Blue*, 877 F.3d at 519 (quoting *Lynn*, 592 F.3d at 585).

Defendant's counsel made at least seven arguments in support of a within-Guidelines sentence, stating that Defendant (1) had a limited criminal history, which started when he was only 17 years old; (2) left his gang and, because of that decision, was shot three times; (3) does not carry a gun and did not use violence in this case; (4) began a GED program, which he was unable to complete after being shot; (5) repeatedly applied for credentials to work at a port; (6) demonstrated maturity and a desire to be responsible for his family by fixing up his uncle's old rental home for occupation by Defendant and his disabled mother, so that Defendant could care for her; and (7) accepted responsibility in this case and cooperated as a key witness in the homicide prosecution of a member of his former gang, for which he received threats.

The district court did not address most of Defendant's mitigating arguments. Rather, the court referred to Defendant's prior history and concluded that he had "demonstrated

4

repeatedly that he is a danger to the community and a recidivist and can only be dealt with by being removed from society and placed in a prison." J.A. 71. Citing § 3553(a)(2), the court noted that selling drugs is a "serious offense," that Defendant "need[ed] to be deterred," that "the public needs to be protected," and that Defendant was "young enough so that he [could] take advantage of educational and vocational training" during his imprisonment. J.A. 72–73. On appeal, Defendant contends that the district court needed to address his arguments explicitly and explain why it rejected them. The Government responds that the court implicitly rejected those arguments by labeling Defendant a recidivist.

*Blue* mandates our decision in favor of Defendant. In *Blue*, defendant-appellant Benjamin Blue raised eight arguments to support a below-Guidelines sentence:

> [1] [H]e was influenced by his older brothers . . . ; [2] he committed the instant offense to support his opiate addiction; [3] he had successfully found employment and was a hard worker; [4] he was a good father . . . ; [5] his co-defendant received a [comparatively lenient] sentence . . . ; [6] the career offender Guidelines range was overly harsh and failed to deter offenders; [7] he accepted responsibility for his conduct; and [8] he attempted to provide substantial assistance in the prosecution of others, but his attempts were frustrated by factors outside of his control.

*Blue*, 877 F.3d at 517. The district court sentenced Blue within the Guidelines, referring to the first two of his mitigating arguments but failing to acknowledge or address the other six. *Id.* at 517, 519. This Court vacated the sentence. Recognizing that Blue's arguments were "nonfrivolous," we held that "the district court's failure to address [them], as well as its failure to explain whether and why it rejected them, render[ed] Blue's sentence procedurally unreasonable." *Id.* at 519.

Here, Defendant raised at least seven arguments in support of a within-Guidelines

5

sentence. The court rejected some of them. For example, despite Defendant's arguments that his crime was nonviolent and that his criminal record was limited, the court concluded that selling drugs is a "serious offense" from which "the public needs to be protected." J.A. 72–73. But the court did not discuss Defendant's other arguments, which are nonfrivolous under *Blue*. *See* 877 F.3d at 519 (noting that "attempt[s]," even if unsuccessful, "to assist in the prosecution of others" and "family relationships ha[ving] developed since [the defendant's] prior . . . convictions" are nonfrivolous arguments for sentencing mitigation). "[T]he district court's failure to address [Defendant]'s arguments, as well as its failure to explain whether and why it rejected them, render [Defendant]'s sentence procedurally unreasonable." *Id.*

Furthermore, the district court in *Blue* stated that it had "[c]onsidered arguments on behalf of [the defendant] with respect to history and characteristics." *Id.* at 517. Many of Blue's arguments could have been interpreted as falling under the category of "history and characteristics," yet this Court "decline[d] to speculate" as to the district court's reasoning. *Id.* at 521. In the same way, the Government argues here that the district court implicitly rejected Defendant's arguments by stating that he is a recidivist. But that is insufficient. "The district court had an obligation to *specifically* address [Defendant's] non-frivolous arguments." *Ross*, 912 F.3d at 745 (emphasis added). It "cannot meet its responsibility through broadly referring to the § 3553(a) factors in lieu of addressing the parties' non-frivolous arguments." *Id.*; *see also United States v. Slappy*, 872 F.3d 202, 208–10 (4th Cir. 2017). Rather, the district court must make its reasoning explicit "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

6

Finally, the district court's error is not harmless. "For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (citing *Lynn*, 592 F.3d at 585). Here, the district court's primary stated reason for sentencing Defendant to an above-Guidelines sentence was its belief that he would reoffend. However, most of Defendant's arguments for a Guidelines sentence related to concrete steps he had taken to remove himself from a life of crime. It is conceivable that the district court would have sentenced Defendant differently had it considered his nonfrivolous mitigation arguments. *E.g.*, *United States v. Blue*, 755 F. App'x 325, 325 (4th Cir. 2019) (per curiam) (noting that after this Court vacated Blue's 272-month sentence and remanded the case for resentencing, the district court imposed a reduced sentence of 228 months in prison). In other words, because Defendant's arguments are nonfrivolous, "we cannot say with any 'fair assurance' that the district court's explicit consideration of those arguments would not have affected the sentence imposed." *Lynn*, 592 F.3d at 585 (citation omitted) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

We therefore vacate Defendant's sentence and remand for resentencing. We of course express no view as to the appropriate length of a sentence in Hines's case, leaving that to the district court in the first instance after the Defendant's contentions have been more thoroughly addressed.

*VACATED AND REMANDED*